**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| MARK T. STINSON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:22-cv-02576-SHM-tmp |
| v. | ) | |
| | ) | |
| BETTY WILLIAMS and NATHAN BURTON, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER CONSOLIDATING CASE NOS. 22-2576 AND 22-2823;
DISMISSING THE CONSOLIDATED COMPLAINT WITH PREJUDICE (ECF NO. 1);
DENYING LEAVE TO AMEND;
DENYING MOTION FOR WRIT OF MANDAMUS (NO. 22-2576, ECF NO. 9);
DENYING MOTION FOR SUMMARY JUDGMENT (NO. 22-2576, ECF NO. 5);
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
NOTIFYING STINSON OF THE APPELLATE FILING FEE;
NOTIFYING STINSON OF THE COURT'S STRIKE RECOMMENDATION UNDER 28 U.S.C. § 1915(g);
AND CLOSING THE CASE**

On August 31, 2022 Plaintiff Mark Stinson filed (1) a *pro se* complaint alleging claims under 28 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971) (ECF No. 1 (the "Complaint")); and (2) a motion to proceed *in forma pauperis* (ECF No. 2) in Case No. 22-2576. When Stinson filed the Complaint in No. 22-2576, he was assigned to supervised release in Memphis, Tennessee. (ECF No. 1 at PageID 2.) On September 1, 2022, the Court granted leave to proceed *in forma pauperis* in No. 22-2576. (ECF No. 4.) On October 6, 2022, Stinson filed a motion for summary judgment in No. 22-2576. (ECF No. 5 (the "MSJ").) On October 20, 2022, Stinson filed a notice of appeal to the Sixth Circuit in No. 22-2576. (ECF No. 6 at PageID 24 (alleging that "Stinson is requesting an appeal of the non[] service of the summons to the Defendants") (the "Appeal").) On October 31, 2022, Stinson filed a "motion to submit writ of

mandamus" in No. 22-2576. (ECF No. 9 (the "Mandamus Motion"); *see id*. at PageID 41 (seeking to have this Court "serve the summons on the [D]efendants and perform[] all duties").) On December 9, 2022, the Sixth Circuit dismissed the Appeal. (ECF No. 10.) On December 27, 2022, the Sixth Circuit (1) dismissed Stinson's mandamus petitions in three (3) of his cases for lack of jurisdiction[1]; (2) denied mandamus petitions filed by Stinson in two other cases[2], including his mandamus petition in the instant case, because Stinson (a) failed to demonstrate that he had a clear and indisputable right to a writ of mandamus or (b) that a writ is appropriate in the circumstances of Stinson's cases; and (3) denied Stinson's motion to proceed *in forma pauperis* as moot. (ECF No. 11.) On December 27, 2022, the Sixth Circuit denied Stinson's petition for mandamus and entered judgment. (ECF No. 12.)

On December 1, 2022, Stinson filed a complaint in Case No. 22-2823 that alleges the same claims, against the same Defendants, arising from the same facts, as Case No. 22-2576. (No. 22-2823, ECF No. 1.) Actions involving common questions of law or fact can be consolidated for the convenience of the court and the parties. Fed. R. Civ. P. 42(a). Rule 42(a) provides: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." *Id*. With broad discretion in determining whether to consolidate

---

[1] The Sixth Circuit dismissed Stinson's mandamus petitions for lack of jurisdiction in: (a) Case No. 22-5942 (W.D. Tenn. No. 22-2611, ECF Nos. 13 & 14); (b) Case No. 22-5945 (W.D. Tenn. 22-2697, ECF Nos. 11 & 12); and (c) Case No. 22-5946 (W.D. Tenn. No. 22-2618, ECF Nos. 15 & 16).

[2] The Sixth Circuit denied Stinson's mandamus petitions, because he failed to demonstrate either that he had a clear and indisputable right to a writ of mandamus or that a writ is appropriate in the circumstances of the case, in: (a) Case No. 22-5941 (W.D. Tenn. No. 22-2576, ECF Nos. 11 & 12); and (b) Case No. 22-5943 (W.D. Tenn. No. 22-2694, ECF Nos. 16 & 17).

cases, District Courts consider whether consolidation will promote judicial economy without impeding justice and the interest of the parties. *See Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999); *Johnson v. Celotex Corp*., 899 F.2d 1281, 1285 (2d Cir. 1990). The Court balances the risk of prejudice and confusion with the chance of achieving inconsistent results in the two matters. *See In re Cree, Inc*., 219 F.R.D. 369, 371 (M.D. N.C. 2003). The Court also considers "the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit." *Id*. (internal citation omitted). Stinson's complaints in Nos. 22-2576 and 22-2823 arise from the same set of facts and assert the same claims against the same Defendants. The complaints allege the same constitutional deprivations arising from Stinson's criminal trial. Because the complaints in No. 22-2576 and No. 22-2823 are identical, separate lawsuits would lead to duplicative pleadings and discovery, and potentially different outcomes.

To avoid unnecessary costs and promote judicial economy, the Court CONSOLIDATES the complaints in Nos. 22-2576 (ECF No. 1) and 22-2823 (ECF No. 1) (collectively, the "Consolidated Complaint") for purposes of screening Stinson's § 1983 claims under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). Case No. 22-2823 is CLOSED. The case will proceed under No. 22-2576.

On December 1, 2022, Stinson filed a motion for leave to proceed *in forma pauperis* in No. 22-2823. (ECF No. 2.) Because No. 22-2823 has been consolidated with No. 22-2576, the motion to proceed *in forma pauperis* is DENIED as moot. Stinson may proceed *in forma pauperis* in consolidated Case No. 22-2576. (ECF No. 4.) The Court has recommended previously that the dismissals in three (3) of Stinson's many cases before the Court be treated as strikes pursuant to 28 U.S.C. § 1915(g). (*See* No. 20-2886, ECF No. 7; No. 21-2128, ECF No. 12; No. 21-2759, ECF No. 27.) The Court's strike assessment in No. 21-2759 was entered on December 2, 2022, one

day after Stinson filed the complaint in No. 22-2823. (ECF No. 1 at PageID 11.) Stinson is now considered a three-strike filer pursuant to § 1915(g).

The Consolidated Complaint, the Mandamus Motion and the MSJ are before the Court.

The Consolidated Complaint alleges that (1) Internal Revenue Service ("IRS") Agent Betty Williams and (2) State Department of Tennessee employee Nathan Burton "testified falsely under oath with bogus evidence" at Stinson's federal criminal trial in *United States of America v. Mark Stinson*, No. 2:16-cr-20247-JTF-1 (W.D. Tenn.). (ECF No. 1 at PageID 2 & 4.) Stinson sues Williams and Burton in their official and individual capacities. (*Id*. at PageID 2.) Stinson alleges claims of (1) deprivation of due process, (2) violation of Stinson's First Amendment rights, (3) violation of Stinson's Sixth Amendment rights, (4) Stinson's "loss of liberty", and (5) "violation of the Fair Trial Act." (*Id*. at PageID 3 (the "Five Claims").) Stinson alleges that the Defendants' conduct caused Stinson to suffer "loss of liberty, mental stress, pain, suffering, and defamation of character." (*Id*. at PageID 5.) Stinson seeks fourteen million dollars ($14,000,000.00) in damages. (*Id*. at PageID 5.)

The Five Claims re-allege claims that Stinson asserted against Williams and Burton in one of Stinson's many prior cases before the Court. *See* No. 22-2538 (ECF No. 1 (§ 1983 complaint alleging that Williams and Burton gave "false testimony and bogus evidence under oath" in Stinson's federal criminal trial); ECF No. 7 (Stinson's motion to dismiss No. 22-2538); ECF Nos. 8 & 9 (order of dismissal and judgment in No. 22-2538).)

Stinson has demonstrated a consistent pattern of vexatious filings, having brought several unsuccessful lawsuits with overlapping claims against the same Defendants. The Court recommended strikes under 28 U.S.C. § 1915(g) in three (3) of Stinson's past cases. (Nos. 20-2886, 21-2128 & 21-2759.) Stinson has brought eight (8) cases in this Court. (Nos. 21-2759, 22-2576, 22-2611, 22-2618, 22-2694, 22-2695, 22-2697, and 22-2783.) Stinson's filings in his many

cases have repeatedly violated procedural rules. He has burdened the Court and the Sixth Circuit with duplicative and procedurally improper filings, including but not limited to the following:

- In No. 19-2867, the Court dismissed Stinson's § 1983 complaint with prejudice against the Six Defendants for failure to prosecute. (ECF No. 18.) Stinson's claims in No. 19-2867 arose from same facts against the same Defendants as Stinson's claims in Nos. 20-2886, 21-2128, 22-2576, and 22-2694;

- In No. 20-2886, the Court (1) dismissed with prejudice Stinson's § 1983 complaint against Ricky Wilkins, Esquire and Archie Sanders, Esquire, attorneys Stinson sued in No. 22-2694 for the same alleged misconduct and (2) recommended a strike assessment under 28 U.S.C. § 1915(g). (ECF No. 7);

- In No. 21-2128, the Court (1) dismissed Stinson's § 1983 complaint against the Six Defendants with prejudice and (2) recommended a strike assessment under 28 U.S.C. § 1915(g). (ECF No. 12.) After entry of the dismissal Order, Stinson (1) appealed to the Sixth Circuit, (2) voluntarily dismissed his appeal on December 30, 2021, (3) attempted to reinstate the appeal on January 7, 2022, and (4) attempted to voluntarily dismiss the appeal again in October 2022. The Sixth Circuit concluded on October 11, 2022 that the appeal had been dismissed and closed as of December 2021;

- In No. 21-2759, the Court (1) dismissed Stinson's *Bivens* complaint without prejudice for failure to state a claim and (2) denied Stinson's motion for issuance of summons. (ECF No. 12.) After entry of the dismissal Order, Stinson filed (1) a motion for mandamus, (2) an amended complaint, and (3) a motion for reconsideration of the Order denying Stinson's motion for issuance of summons. The Sixth Circuit concluded Stinson's mandamus petition was moot. Next, Stinson (1) appealed the Order that had screened his complaint under PLRA, (2) filed an amended complaint, and (3) filed a motion to voluntarily dismiss his appeal. On December 2, 2022, the Court denied Stinson's motion for reconsideration, dismissed Stinson's first amended complaint and second amended complaint, and entered judgment;

- In No. 21-2148, Stinson's § 1983 complaint sued the Six Defendants on the basis of the same facts Stinson alleged in No. 21-2128. (ECF No. 1.) The Court consolidated Nos. 21-2128 and 21-2148 because the cases arose from same set of operative facts against the same parties. (ECF No. 5);

- In No. 22-2694, Stinson filed a complaint under § 1983 on October 11, 2022 (ECF No. 1) and shortly thereafter filed a motion for writ of mandamus to serve process on October 27, 2022. (ECF No. 6);

- In No. 22-2611, Stinson filed a *Bivens* complaint (ECF No. 1) on September 12, 2022, and shortly thereafter filed an October 6, 2022 motion for summary judgment (ECF No. 5), an October 31, 2022 motion for writ of mandamus (ECF No. 7), and a November 3, 2022 notice of interlocutory appeal (ECF No. 8) -- all to challenge the Court's failure to issue process immediately for service of the complaint prior to PLRA screening. On December 2, 2022, the Court transferred No. 22-2611 to the United States District Court for the Eastern District of Arkansas, pursuant to 28 U.S.C. § 1406(a);

- In No 22-2618, Stinson filed a *Bivens* complaint (ECF No. 1) on September 15, 2022, and shortly thereafter filed an October 6, 2022 motion for summary judgment (ECF No. 5), an October 31, 2022 motion for writ of mandamus (ECF No. 7), and a November 3, 2022 notice of interlocutory appeal (ECF No. 8) -- all to challenge the Court's failure to issue process immediately for service of the complaint prior to PLRA screening. On December 2, 2022, the Court transferred No. 22-2618 to the United States District Court for the Eastern District of Arkansas, pursuant to 28 U.S.C. § 1406(a); and

- In No. 22-2697, Stinson filed an October 31, 2022 motion to consolidate his October 7, 2022 § 1983 complaint in No. 22-2697 with his October 11, 2022 § 1983 complaint in No. 22-2695 (ECF No. 9) because the complaints assert same claims based on the same facts against the same five Defendants.

To the extent Stinson's vexatious filing practices continue, Stinson is warned that they may result in the imposition of appropriate sanctions.

For the reasons explained below: (1) the Consolidated Complaint is DISMISSED WITH PREJUDICE for failure to state a claim to relief; (2) the Mandamus Motion (No. 22-2576, ECF No. 9) is DENIED; and (3) the MSJ (No. 22-2576, ECF No. 5) is DENIED.

## I. BACKGROUND

Stinson alleges that Williams and Burton "gave false testimony under oath with bogus evidence" at Stinson's federal criminal trial. (*See* No. 22-2576, ECF No. 1 at PageID 5.) Stinson does not identify the allegedly false testimony. (*See id*.)

## II. LEGAL STANDARD FOR SCREENING THE CONSOLIDATED COMPLAINT

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

When screening a complaint, federal courts apply the standard of Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and factual allegations must make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011)

(affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co*., 518 F.2d 1167, 1169 (6th Cir. 1975))).

The Consolidated Complaint is construed as alleging claims under 42 U.S.C. § 1983 and *Bivens*, 403 U.S. 388. (*See* ECF No. 1 at PageID 2-5, 7-9 & 10.) Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 150 (1970). Section 1983 applies only to deprivations of constitutional rights committed by a person acting under color of state law. Other civil rights violation claims in the Consolidated Complaint arise, if at all, under *Bivens*.

## III. JURISDICTION OVER *BIVENS* CLAIMS ALLEGED IN THE CONSOLIDATED COMPLAINT

Twenty-eight U.S.C. § 1331 provides that federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1331 requires that complaints allege valid claims under the U.S. Constitution or a federal law providing for a federal right of action.

*Bivens*, 403 U.S. 388, provides a right of action against federal employees, acting under color of federal law, who violate an individual's rights under the United States Constitution. "Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal

officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action." *Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010).

To the extent Stinson's claims in the Consolidated Complaint are alleged under *Bivens*, the Court has jurisdiction. The Consolidated Complaint alleges violation of Stinson's federal constitutional rights. (*See* No. 22-2576, ECF No. 1 at PageID 3.) The Consolidated Complaint sues Williams, who allegedly was a federal employee of the IRS at the time of the events alleged in the Consolidated Complaint. (*Id*. at PageID 2.) The Court has jurisdiction over the Consolidated Complaint's allegations that arise under *Bivens*.

## IV. ANALYSIS OF THE CONSOLIDATED COMPLAINT

### A. Official Capacity Claims Against Williams

Stinson sues Williams in her official and individual capacities. (*See* No. 22-2576, ECF No. 1 at PageID 2.)

*Bivens* authorizes damage suits against individual federal officials, but *Bivens* does not authorize such suits against the United States, its agencies, or its employees in their official capacities. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (a prisoner "may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP"). Because (1) "the real party in interest in an official-capacity suit is the entity represented and not the individual officeholder"[3], and (2) the United States is immune from suit[4], *Bivens* does not

3 *See Himmelreich v. BOP*, No. 11-3474, 2012 WL 13226685, at *1 (6th Cir. May 7, 2012) (citing *Karcher v. May*, 484 U.S. 72, 78 (1987) and *Corr. Servs.*, 534 U.S. at 72).

4 *See FDIC v. Meyer*, 510 U.S. 471, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Franklin v. Henderson*, No. 00–4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001); *Fagan v. Luttrell*, No. 97–6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000).

permit suits against government employees in their official capacities. The bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants. *See Himmelreich*, 2012 WL 13226685, at *1 (citing *Karcher*, 484 U.S. at 78 and *Corr. Servs.*, 534 U.S. at 72 ("With respect to the alleged constitutional deprivation, [the plaintiff's] only remedy lies against the individual")). A suit under *Bivens* may be brought only against individual officers for certain constitutional violations. *See Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 431 (6th Cir. 2016) (a *Bivens* action is based upon alleged constitutional violations by federal officials in their individual capacities).

Because Stinson's official capacity claims against Williams under *Bivens* fail as a matter of law, all such claims are DISMISSED WITH PREJUDICE.

**B. Individual Capacity Claims Against Williams**

To state a *Bivens* claim plausibly, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution" in a manner that can be vindicated under *Bivens*. *See Himmelreich*, 2012 WL 13226685, at *2 (citing *Iqbal*, 556 U.S. at 676); *Nuclear Transp. & Storage v. United States,* 890 F.2d 1348, 1355 (6th Cir. 1989) (a complaint that asserts a *Bivens* cause of action is subject to the heightened pleading requirements applied to claims under § 1983). "It is firmly established that a plaintiff asserting a *Bivens* claim, as part of her prima facie case, must offer evidence to support an individual defendant's personal involvement in the deprivation of a constitutional right." *Burley v. Gagacki*, 729 F.3d 610, 618 (6th Cir. 2013) (citing *Mueller v. Gallina*, 137 F. App'x 847, 850 (6th Cir. 2005) ("'[P]ersonal involvement is required to state a claim under *Bivens*'") (internal citation omitted)).

For several reasons, Stinson fails to state an individual capacity claim to relief against Williams.

1. *Non-Bivens Contexts*: To date, the Supreme Court has recognized only three contexts in which a *Bivens* claim is appropriate: (a) a Fourth Amendment claim in the search and seizure context; (b) a Fifth Amendment claim under the Due Process Clause for gender discrimination by a federal employer; and (c) an Eighth Amendment claim for a prison official's deliberate indifference to a federal inmate's medical needs. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–55 (2017). None of Stinson's Five Claims (*see* No. 22-2576, ECF No. 1 at PageID 3) comes within one of the three *Bivens* contexts.

2. *Time Bar*: To the extent one or more of Stinson's claims arose before August 31, 2021, those claims are time-barred by the one-year statute of limitations applicable to *Bivens* claims in Tennessee. (*See* Tenn. Code Ann. § 28-3-104(a)(1)(B); *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634-35 (6th Cir. 2007); *Gray v. United States*, 556 F. Supp. 2d 832 (W.D. Tenn. 2021) (the appropriate statute of limitations for a *Bivens* action arising in Tennessee is one year after the cause of action accrued); No. 22-2576, ECF No. 1 at PageID 1 (the Clerk of the Court received the Consolidated Complaint on August 31, 2022, and Stinson was not confined when the Consolidated Complaint was filed).)

3. *Testifying Witness Immunity*: Stinson's allegation that Williams lied under oath at Stinson's criminal trial (*see* No. 22-2576, ECF No. 1 at PageID 5) fails to state a claim to relief as a matter of law.

It is well established that witnesses who testify at trial — whether government officials or lay witnesses — are entitled to absolute immunity from suit based on that testimony. *Briscoe v. LaHue*, 460 U.S. 325, 334–46 (1983) (holding that § 1983 does not authorize a plaintiff to assert a claim against a government official for damages for giving false testimony as a witness at a trial or court hearing). Testifying witnesses enjoy absolute immunity. *See, e.g.*, *Christian v. Reynolds-Christian*, No. 3:19-cv-0133, 2019 WL 1002502, at *1 (M.D. Tenn. Mar. 1, 2019) (citing *Briscoe*,

460 U.S. at 334-46). A government witness is entitled to testimonial immunity against a § 1983 action "no matter how egregious or perjurious that testimony was alleged to have been." *Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009) (citing *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999)). A testifying government official functions as an ordinary witness subject to the adversary process inherent in a trial and is thus a testifying witness. *Vakilian v. Shaw*, 335 F.3d 509, 516 (6th Cir. 2003). "[G]rand jury witnesses ... enjoy the same immunity as witnesses at trial." *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012).

Because Stinson's allegations against Williams are based solely on Williams's allegedly false testimony at Stinson's trial, and because Williams is entitled to absolute immunity for that testimony, Stinson's allegations against Williams do not support a claim to relief under *Bivens*. Stinson's individual capacity claims against Williams are DISMISSED WITH PREJUDICE.

**C. Claims Under § 1983 Against Burton**

Stinson alleges that Burton was an employee of the State of Tennessee when Burton allegedly lied under oath at Stinson's criminal trial. (*See* No. 22-2576, ECF No. 1 at PageID 2 & 4.)

To the extent Stinson sues Burton in his official capacity, *id*. at PageID 2, those allegations are treated as claims against the State of Tennessee. *See*, *e.g.*, *Owens v. Weirich*, No. 21-cv-2041, 2021 WL 4234937, at *2 (W.D. Tenn. Sept. 26, 2021). Stinson has no valid claim against the State of Tennessee. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *see also Va. Office for Prot. &*

*Advocacy v. Stewart*, 563 U.S. 247, 253 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. Absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State") (citations omitted). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Because it is a state, Tennessee is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Stinson has no claims for money damages against Burton in his official capacity. Stinson's official capacity claims against Burton under § 1983 are DISMISSED WITH PREJUDICE.

To the extent Stinson sues Burton in his individual capacity for Burton's allegedly false testimony at Stinson's trial, *see* No. 22-2576, ECF No. 1 at PageID 2, Stinson's allegations fail as a matter of law under the doctrine of testifying witness absolute immunity described above. *See* Section IV.B.3, *supra*; *Spurlock*, 167 F.3d at 1001 ("It is well-settled that witnesses are granted immunity from suit for all testimony provided in judicial proceedings"). The Consolidated Complaint's individual capacity claims against Burton under § 1983 are DISMISSED WITH PREJUDICE.

## V. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for

failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001); *Curley v. Perry,* 246 F.3d 1278, 1284 (10th Cir. 2001).

In this case, leave to amend would be futile because: (1) Stinson's official capacity claims against Williams under *Bivens* fail as a matter of law; (2) Stinson's allegations against Williams in his individual capacity are based solely on Williams's allegedly false testimony at Stinson's trial, and Williams is entitled to absolute immunity for that testimony; (3) Stinson has no claims for money damages against Burton in his official capacity; and (4) to the extent Stinson sues Burton in his individual capacity for Burton's allegedly false testimony at Stinson's trial, Stinson's allegations fail as a matter of law under the doctrine of testifying witness absolute immunity. For these reasons, the Court DENIES leave to amend.

## VI. THE MANDAMUS MOTION

The Mandamus Motion seeks a writ of mandamus under 28 U.S.C. § 1361. (ECF Nos. 9.) Stinson seeks to compel service of "the summons on the [D]efendants" and performance of "all duties." (*Id*. at PageID 41.)

The mandamus statute, 28 U.S.C. § 1361, provides:

> The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Stinson seeks a drastic remedy that is available only in extraordinary cases. *See Kerr v. United States Dist. Ct.*, 426 U.S. 394, 402 (1976); *Will v. United States*, 389 U.S. 90, 95 (1967). A litigant who seeks mandamus relief must show that: "(1) no other adequate means [exist] to attain the relief he desires; (2) the party's right to issuance of the writ is clear and indisputable; and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183,

190 (2010) (internal quotation marks and citation omitted); *see also Carson v. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011) (internal quotation marks & citation omitted) ("Mandamus is available only if: (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff"), *cert. denied*, 565 U.S. 1101, 132 S. Ct. 857 (2011). The purpose of a writ of mandamus is to provide a remedy only where a respondent owes a petitioner a clear nondiscretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 616–17 (1984) (citations omitted).

Stinson does not satisfy any of the criteria for mandamus.

Pursuant to the PLRA, the Court must screen the Consolidated Complaint and dismiss claims that are frivolous, malicious, or fail to state a claim to relief. *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). Because Williams and Burton are absolutely immune from suit for Stinson's claims arising from Williams's and Burton's testimony at Stinson's criminal trial, Stinson does not have a clear and indisputable right to issuance of a summons for service of the Consolidated Complaint on the Defendants.

Stinson is already well aware that the Consolidated Complaint must survive screening before process will issue for service. Stinson's efforts to avoid the PLRA's screening requirements and to force expedited service of his pleadings in other cases have been unsuccessful. Stinson has been warned in those cases of the impropriety of his efforts. (*See, e.g.*, No. 21-2759, ECF No. 1 (Stinson's December 6, 2021 § 1983 complaint); ECF No. 6 (Stinson's January 20, 2022 motion to issue summons and for default judgment); ECF No. 10 (Stinson's March 24, 2022 motion for writ of mandamus to the Sixth Circuit); ECF No. 11 (Stinson's June 30, 2022 notice of filing writ of mandamus); ECF No. 12 at PageID 68-70 (July 25, 2022 Order that, *inter alia*, dismissed the complaint without prejudice, denied the motion for issuance of summons and for default judgment, and denied the petition for writ of mandamus) (notifying Stinson that, *inter alia*, "… to avail

himself of the provisions of 28 U.S.C. § 1915(d) — *i.e.*, to enlist the USMS to serve process – Stinson's Complaint must survive the PLRA's screening process").)

The Court does not have a "clear duty" to issue process because the Consolidated Complaint, as alleged, does not survive screening under the PLRA. The Mandamus Motion's broad and conclusory allegations do not establish that the Court has violated any mandatory duty. (*See* No. 22-2576, ECF No. 9 at PageID 41 (alleging that the Judge "is in violation of 28 U.S.C. § 1915(d)").)

For these reasons, Stinson has not shown that his right to a writ "is clear and indisputable" or that a writ is "appropriate under the circumstances." *See Hollingsworth*, 558 U.S. at 190. Stinson has not demonstrated that the Court owes him a duty to issue process for service of the Consolidated Complaint on the Defendants. The Mandamus Motion (ECF No. 9) is DENIED.

## VII. THE MSJ

The MSJ seeks summary judgment in Stinson's favor. (No. 22-2576, ECF No. 5.)

Stinson's Motion is not well taken. Federal Rule of Civil Procedure 56(b) permits a party to move for summary judgment "at any time until 30 days after the close of all discovery." "[S]ummary judgment should not ordinarily be granted before discovery has been completed[,] ... particularly ... when constitutional and civil rights claims are at issue." *Tarleton v. Meharry Med. Coll.*, 717 F.2d 1523, 1535 (6th Cir. 1983). Discovery has not commenced in the case. Indeed, the Consolidated Complaint fails to pass initial screening under the PLRA.

Stinson's Motion fails in that (1) he moved for judgment in his favor before the Consolidated Complaint had been screened under the PLRA, (2) the Consolidated Complaint fails to state claims to relief as a matter of law, and (3) the Consolidated Complaint's factual allegations repeat claims that Stinson (a) asserted previously in No. 22-2538 and (b) voluntarily dismissed. (No. 22-2538, ECF Nos. 1, 8 & 9.)

The MSJ (ECF No. 5) is DENIED.

## VIII. APPELLATE ISSUES

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Stinson would not be taken in good faith. If Stinson chooses to file a notice of appeal, he must either pay the entire five hundred and five dollar ($505.00) appellate filing fee or submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

## IX. NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of Stinson's future filings, if any, the Court RECOMMENDS that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

## X. CONCLUSION

For the reasons explained above:

A. Pursuant to Fed. R. Civ. P. 42(a), Case No. 22-2576 and Case No. 22-2823 are CONSOLIDATED for all purposes because they raise materially the same claims and involve common questions of law and fact. All further filings in this matter shall be made under No. 22-2576. The Clerk is INSTRUCTED to close No. 22-2823 without judgment. Stinson is notified that, if he submits more photocopies of what he has already submitted as the complaints in No.

22-2576 or No. 22-2823, his filings may be subject to sanctions. The Clerk shall file any such submissions for statistical purposes only

B. The Consolidated Complaint (No. 22-2576 & No. 22-2823, ECF No. 1) is DISMISSED WITH PREJUDICE in its entirety for failure to state a claim to relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). Leave to amend is DENIED;

C. The Mandamus Motion (No. 22-2576, ECF No. 9) is DENIED;

D. The MSJ (No. 22-2576, ECF No. 5) is DENIED;

E. This case is DISMISSED in its entirety. The Court RECOMMENDS that the dismissal be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons*, 996 F.3d 350;

F. The Court CERTIFIES that an appeal would not be taken in good faith;

G. The Court DENIES leave to proceed *in forma pauperis* on appeal. If Stinson appeals, he must pay the full $505 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit. Fed. R. App. P. 24(a)(5); and

H. The Clerk is directed to mark this case CLOSED.

IT IS SO ORDERED this 10th day of January, 2023.

*Samuel H. Mays, Jr.*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE